## Ambrose L. Hunting et al.

### v.

## Jerome S. Baldwin et al.

1. Action for negligence—Burden of proof.—In an action for injuries sustained by reason of a collision with the defendant's runaway horse, the burden is upon the plaintiff to show that the running away of the defendant's horse was the result of the negligence of the defendant.

2. Instructions.—An instruction must be based on the evidence in the case.

Appeal from the Superior Court of Cook county; Hon. John A. Jameson, Judge, presiding. Opinion filed August 5, 1880.

This was a suit commenced before a justice of the peace, by appellee, against appellant and David G. Bardon and Michael Bardon, to recover for the loss of a horse, killed through the alleged negligence of appellant and the Bardons. Michael Bardon was not served with process. On appeal and a trial in the Superior Court of Cook county, and after a verdict against appellant and David G. Bardon, appellees, by leave of the court, dismissed their suit as to the Bardons, and took judgment against Hunting on the verdict rendered against him, and David G. Bardon. Hunting brings the case here by appeal, and assigns various errors.

Mr. F. W. S. Brawley, for appellants; that the damage must be the legitimate sequence of the thing amiss, cited Cooley on Torts, 68.

One defendant cannot be made liable for on injury occasioned by another unless they act in concert: Yeazel v. Alexander, 58 Ill. 254; C. & N. W. R. R. Co. v. Scates, 90 Ill. 586; Cooley on

Torts, 62; Aurora Branch R. R. Co. v. Grimes, 13 Ill. 585; Phillips v. Dickerson, 85 Ill. 11; T. W. & W. R. R. Co. v. Muthersbaugh, 71 Ill. 572.

Messrs. MONROE & LEDDY, for appellees; that if the damage resulted from the concurrent, wrongful neglect of two persons, both are liable, cited Cooley on Torts, 78; Yeazel v. Alexander, 58 Ill. 254; Callaghan v. Myers, 89 Ill. 566; C. & N. W. R. R. Co. v. Scates, 90 Ill. 586.

Where an act is unlawful in itself, the wrong-doer is liable, although other causes may subsequently arise which contribute in producing the injury: Weick v. Lander, 75 Ill. 93; Fent v. T. P. & W. R. R. Co. 59 Ill. 349; Phillips v. Dickerson, 85 Ill. 11; T. W. & W. R. R. Co. v. Muthersbaugh, 71 Ill. 572; C. & A. R. R. Co. v. Becker, 76 Ill. 25; T. P. & W. R. R. Co. v. Pindar, 53 Ill. 447.

The amendment by dismissal as to certain defendants, was proper: Callaghan v. Myers, 88 Ill. 566; Rev. Stat. 1874, 778: Cogshall v. Beesley, 76 Ill. 445; McDowell v. Town, 90 Ill. 359; Doty v. Colton, 90 Ill. 453.

WILSON, J.   A brief statement of the evidence introduced by the plaintiff in the court below, is sufficient to show that when he rested his case, there was an entire failure to make out a cause of action against appellant Hunting.   The suit was brought by appellees, to recover for the loss of a horse, through the alleged negligence of appellant and the Bardons.   The plaintiff's witnesses testified to the following facts: that plaintiff's horse and wagon were standing in front of his place of business on South Water street, just west of Clark, the horse being headed north towards the middle of the street, and hitched with a strap to which was attached a twenty-four pound weight; that Bardon's horse and wagon and appellant's horse and wagon were discovered running side by side from the west, appellant's horse and wagon being on the north side of Bardon's; that the shaft of Bardon's wagon struck appellee's horse, and injured him so that he had to be killed.   The plaintiff also proved that Bardon's horse had been left standing unhitched, next west of

Hunting v. Baldwin.

plaintiff's and was also facing northward. This was the entire case made by the plaintiff. He offered no testimony as to how the horses happened to be running or what started them. For aught that appeared in the evidence introduced by the plaintiff, appellant's horse was running through no fault or negligence on the part of appellant, and from causes over which he had no control, and for which he was not responsible. The burden was upon the plaintiff to prove negligence or a want of due care on the part of appellant. The injury was not inflicted by appellant's horse and wagon, but by Bardon's; and even if it were to be conceded that proof of the injury by Bardon's team would be sufficient, under the circumstances, to raise a suspicion of negligence on his part, no such presumption would arise as to appellant.

The case seems to have been tried on the part of the plaintiff upon the supposition that mere proof of the injury inflicted by Bardon's horse, coupled with the fact that appellant's horse was running side by side with Bardon's, made out a cause of action against appellant. This was an erroneous view of the law. In order to charge appellant, it was necessary to show that he had been guilty of negligence, or want of care, which contributed to the injury. Negligence on the part of appellant was the gist of the plaintiff's cause of action, and the affirmative rested on appellees to establish it by proof. If, therefore, the defendant had rested upon the conclusion of plaintiff's evidence he would have been clearly entitled to a verdict.

From the evidence on the part of the defendants, it appeared that on the day of the accident appellant had backed up his horse and wagon on the south side of South Water street one door west of where Bardon's horse was standing, and had hitched his horse with a strap and weight in the usual way; that he had left his horse, to buy goods, and while standing on the north side of the street, opposite appellee's, he discovered his horse and Bardon's running east, his horse being on the north side of the street, and Bardon's on the south side, the horses and wagons being separated from each other, as they passed along; that appellant ran out, and caught his horse, and

found that the hitching-strap had been cut, but the weight was missing, and could never be found.

The fact was also brought out in the testimony for the defendants, that on two previous occasions, his horse had run away; but it appeared that in those two instances the horse had been left unhitched, and had been frightened by exceptional causes. On the other hand, the proof tended to show that appellant's horse, was of a kind, and gentle disposition, and the testimony is undisputed that during a period of eight or ten months immediately preceding the accident, appellant was in the daily habit of leaving him on South Water street hitched with a weight, and strap, as was the general custom of persons who frequented that street, and in no instance had the horse ever run away.

But aside from this, there was an entire absence of proof showing any connection between the starting of appellant's horse, and that of Bardon. None of the witnesses saw either horse start. All that was shown, is that Bardon's horse was standing unhitched; that the hitching-strap of appellant's horse had been cut by some one other than appellant; that the horses ran away, and that Bardon's horse ran into appellee's, and produced the injury. The court assumes, without proof, that appellant's horse caused Bardon's horse to start; and even if there were proof justifying such assumption, there was no evidence that appellant's horse started by reason of any negligence or want of care on the part of appellant. On the contrary, it would seem to be a reasonable inference that the producing cause was the cutting of the hitching-strap, and removal of the weight, and for this appellant was not, under the proof, responsible.

We think that in no view of the case was appellee entitled to recover upon the facts shown, and it therefore becomes unnecessary to pass upon the action of the court below, in allowing the plaintiff after verdict against appellant, and his co-defendant Bardon, to dismiss his suit as to the latter, and to enter a judgment against appellant alone.

On the part of the plaintiff the court gave the following instruction: " The court instructs the jury as a matter of law,

that it is negligence in a person to leave a horse unhitched or unfastened in a public street or thoroughfare, in a large city whose streets are thronged with passers-by."

Aside from other criticisms to which this instruction is obnoxious, it is not based on the proof. There was no proof that appellant's horse was left unhitched or unfastened; on the contrary, the uncontradicted evidence was that his horse was hitched with a strap and weight, in the usual way. Instructions must be based upon the evidence.

For the reasons hereinabove stated, the judgment of the court below is reversed.

Reversed.